UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO Secretary of Labor,      *
United States Department of Labor,      *
                                        *
              Plaintiff,                *
                                        *         CIVIL ACTION
       v.                               *
                                        *         FILE NO.
IBEX ENGINEERING SERVICES, INC.         *
                                        *
                                        *
              Defendant.                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## JUDGMENT

Plaintiff having filed a complaint and the defendant having appeared, received a copy thereof, waived service of process and, without admitting liability, consented to the entry of this judgment without contest.

It is, therefore, ORDERED, ADJUDGED and DECREED that defendant, its agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Further, the Court finding as agreed to by the defendant, but without admitting liability therefor, that employees are due compensation in the amount of $116,500 as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the defendant is restrained from withholding payment of said compensation.

The defendant represents that it is been in compliance with the Act since January, 2004. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since that date.

The back-wage provisions of this judgment shall satisfied as follows:

- On or before December 15, 2004 the defendant shall deliver to the persons listed in "Exhibit A" attached hereto the respective sums set opposite their names, less deductions for each employee's share of social security and withholding taxes.
- On or before December 15, 2004, the defendant shall provide plaintiff's undersigned attorneys with a copy of the payroll or a copy of the checks used to disburse the back wages and a statement attesting to the fact that such payment has been made.
- Thereafter, with regard to any compensation which cannot be distributed to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such person's refusal to accept such sums, the defendant shall prepare a statement showing its federal ID number, the names of the employees, their current addresses, their social security numbers, the gross amount due each as shown in the Judgment, the amount of each deduction taken for the employee's share of FICA and withholding taxes, and the net amount each employee shall receive. By March 1, 2005, defendant shall forward said statement and a <u>certified</u> check for the total net amount made payable to "Wage & Hour Division - Labor", to the following address:

>   Bank of America
>   U.S. Department of Labor

- 2 -

ESA - Wage and Hour Division
P.O. Box 845129
Dallas, Texas 75284-5129

Defendant shall simultaneously forward a copy of said statement to the District Director, Wage & Hour Division – ESA, U.S. Department of Labor, Kennedy Federal Building – Room 525, Boston, MA 02203.

- When recovered wages have not been claimed by the employee within three years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

Defendant shall not, under any circumstances, accept and keep any amount returned to it by a person owed compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated November 18, 2004

William G. Young
United States District Judge

Defendant hereby consents to entry of this judgment:

By its attorneys
Judith A. Malone, Esq.
Robert G. Young, Esq.
BBO # 316260, 650541

Palmer & Dodge LLP
111 Huntington Ave.
Boston, MA 02199-7613
TEL 617-239-0100

Plaintiff moves for entry of this judgment:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Constance B. Franklin
Attorney
BBO# 177620

Solicitor's Office
U.S. Department of Labor
Kennedy Federal Bldg. Rm. E-374
Boston, MA 02203
TEL 617-565-2500

Exhibit A

to Consent Judgment

| EMPLOYEE | BACK WAGES | LIQUIDATED DAMAGES | GROSS COMPENSATION DUE |
|---|---|---|---|
| Kevin Callan | $4,385 | $4,385 | $8,770 |
| Pushkar Chindhade | $5,340 | $5,340 | $10,670 |
| Slava Efros | $3,860 | $3,860 | $7,720 |
| Jonathan Fuller | $2,737.50 | $2,737.50 | $5,475 |
| Carlos Gomes | $4782.50 | $4,782.50 | $9,565 |
| Richard Krause | $7,422.50 | $7,422.50 | $14,845 |
| Samson Lee | $523 | $523 | $1,046 |
| Marlon Luten | $3,987.50 | $3,987.50 | $7,975 |
| William MacKenzie | $4,611 | $4,611 | $9,222 |
| Hussain Maheryar | $323 | $323 | $646 |
| Jeffrey McNeillie | $1,117.50 | $1,117.50 | $2,235 |
| Raymond Paulk | $465 | $465 | $930 |
| Scott Stordy | $2,036 | $2,036 | $4,072 |
| Stephen Yeung | $11,301.50 | $11,301.50 | $22,603 |
| Wilfredo Zayas | $5,358 | $5,358 | $10,716 |
| TOTALS | $58,250 | $58,250 | $116,500 |

Elaine L. Chao, Secretary of Labor, U.S. Department of Labor
v
Ibex Engineering Services, Inc.